IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

USPG PORTFOLIO TWO, LLC,           §
                                   §
                Plaintiff,         §
                                   §   Civil Action No. 3:10-CV-2466-D
VS.                                §
                                   §
JOHN HANCOCK REAL ESTATE           §
FINANCE, INC., et al.,             §
                                   §
                Defendants.        §

MEMORANDUM OPINION
AND ORDER

The court grants the instant motion to transfer this case to

the Southern District of Ohio under 28 U.S.C. § 1404(a) for the

convenience of the parties and witnesses and in the interest of

justice.  As the court explains, this is a suit with little, if

any, connections to this district, and it is governed by Ohio law.

The case will probably be decided as a matter of law, with little

or no need for witness testimony or travel to this district.  And

it should be decided by a federal court in Ohio that routinely

applies and decides cases under Ohio law.

I

This is a declaratory judgment action by plaintiff USPG

Portfolio Two, LLC ("USPG") against defendant John Hancock Life

Insurance Company (U.S.A.) ("JH Life Insurance")[1] arising from a

_____

[1]The court dismissed USPG's action against defendant John
Hancock Real Estate Finance, Inc. ("JH Real Estate") after JH Real
Estate moved to dismiss under Fed. R. Civ. P. 12(b)(6) and USPG
responded to the motion by acknowledging that JH Real Estate
"should be dismissed."

financing arrangement in which USPG executed a promissory note in favor of the predecessor in interest of JH Life Insurance.[2] The note is secured by an Open-End Mortgage, Security Agreement, and Fixture Filing ("Mortgage"). The Mortgage imposes liens on real property located in Springfield, Clark County, Ohio, known as "Betchel Crossing" and owned by USPG. The parties later amended the terms of the Mortgage by substituting a parcel known as Crossing Meadows Shopping Center ("Crossing Meadows") in Onalaska, LaCrosse County, Wisconsin for one of the Ohio parcels. The Mortgage includes a permissive forum selection clause under which the parties consent to litigation in the Southern District of Ohio but are not bound to litigate disputes relating to the Mortgage in that district. The Mortgage also includes a choice of law clause that provides that Ohio law applies to any dispute relating to the Mortgage.

In 2010 USPG decided to sell Betchel Crossing. USPG maintains that it sought approval from "John Hancock"[3] to substitute a parcel of land known as the Franklin Square Shopping Center ("Franklin Square"), located in Spartanburg, South Carolina, as collateral for the Mortgage. According to USPG, after John Hancock denied the

_____

[2]According to USPG, JH Life Insurance is a successor in interest to Grencorp Financial Limited Partnership for Manufacturers Life Insurance Company (U.S.A.).

[3]USPG refers to JH Life Insurance and JH Real Estate jointly as "John Hancock." *See* Pet. 2. Because the court has dismissed JH Real Estate as a defendant, it considers only whether to transfer the action against JH Life Insurance.

request, USPG offered to include Springfield Small Shops, another property located in Springfield, as additional collateral. John Hancock then responded that the Mortgage did not permit partial substitution of collateral and that USPG was required to provide substitute collateral worth the combined value of Betchel Crossing and Crossing Meadows. John Hancock also allegedly responded that, under the terms of the Mortgage, USPG could substitute either real property or qualified securities as collateral, but USPG could not use qualified securities to cover a shortfall in the value of real property offered as substitute collateral.

USPG filed this suit in Texas state court seeking a declaratory judgment that it can secure the Mortgage by substituting Franklin Square for Betchel Crossing.[4] Defendants removed the case to this court based on diversity of citizenship. The court now considers JH Life Insurance's motion to transfer this case to the Southern District of Ohio.

---

[4]The fact that USPG sought declaratory relief under the Texas Declaratory Judgments Act is immaterial to the court's analysis. Once a case is removed to federal court, the federal Declaratory Judgment Act controls. *See, e.g., Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) ("When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.))).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.,* 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citations omitted). The court cannot transfer a case where the result is merely to shift the inconvenience of the forum from one party to another. *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)). Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*Pinnacle Label, Inc. v. Spinnaker Coating, LLC*, 2009 WL 3805798, at *8 (N.D. Tex. Nov. 12, 2009) (Fitzwater, C.J.) (internal citations omitted). "When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *In re*

- 4 -

*Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *Volkswagen II,* 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). In deciding whether to transfer the case, the court then evaluates "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations and quotation marks omitted). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at

315.  JH Life Insurance must establish "good cause" for transferring the case, meaning that, "in order to support its claim for a transfer, [it] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)).

III

A

JH Life Insurance must first establish that the judicial district to which transfer is sought—here, the Southern District of Ohio—is a district in which this suit could have been filed. USPG does not dispute that it could have brought this action in the Southern District of Ohio.  Venue in this case is governed by 28 U.S.C. § 1391(a), which provides in relevant part that venue is proper in "a judicial district in which . . . a substantial part of property that is the subject of the action is situated."  Five of the six parcels of property securing the Mortgage at issue in this case are located in Springfield, Ohio, which is located within the Southern District of Ohio.  Venue is therefore proper in that district.

B

The court next considers the private and public interest factors.

The first private interest factor concerns the relative accessability of evidence. Five of six parcels currently securing the Mortgage and the corporate office of USPG's sole member are located in Ohio. JH Life Insurance maintains offices in Boston, Chicago, and Toronto. JH Life Insurance has not identified what evidence might be more easily accessed in the Southern District of Ohio than in this court, and the court does not perceive an advantage to one forum over the other in this respect. Accordingly, this factor is neutral.

The second and third private interest factors concern the availability of compulsory process over witnesses and the difficulty and cost of witnesses attending court proceedings. The availability and convenience of witnesses is the most significant factor in deciding a § 1404(a) motion to transfer. *See Sw. Airlines Co. Profit Sharing 401(k) Comm. v. UBS Global Asset Mgmt. (Am.), Inc.*, 2007 WL 268808, at *3 (N.D. Tex. Jan. 29, 2007) (Fitzwater, J.). JH Life Insurance argues that any potential nonparty witnesses are located outside this court's subpoena power and most likely live near Betchel Crossing or Springfield Small Shops, both of which are located in the Southern District of Ohio. USPG explains that although it maintains an office in Columbus,

Ohio, the case would likely be tried in Dayton, Ohio[5] instead of
Columbus.  USPG also maintains an office in Dallas.  USPG posits
that travel to Dallas is more convenient than travel to Dayton for
its own representatives, as well as for representatives of JH Life
Insurance, which maintains offices in Boston, Chicago, and Toronto.

The court finds that the third factor weighs against transfer,
but only slightly.  "The party seeking the transfer must specify
clearly . . . the key witnesses to be called and their location and
must make a general statement of what their testimony will cover."
15 Charles A. Wright, et al., *Federal Practice and Procedure*
§ 3851, at 221-22 (3d ed. 2007); *see Magana v. Toyota Motor Corp.*,
2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.)
(explaining that defendant failed to show good cause for transfer
based on this factor because it did not provide name, address, or
proposed testimony of any witness who could more conveniently
testify in the proposed transferee district).  JH Life Insurance
argues that travel to the Southern District of Ohio is more
convenient than is travel to Dallas for USPG's representatives
located in Columbus and Canada, as well as for its own
representatives located in Boston and Chicago.  Although, as JH
Life Insurance argues, Ohio is closer than Texas is to locations in

---

[5]USPG maintains that, if the case is transferred, it would be
litigated in the Western Division of the Southern District of Ohio
because the disputed parcels are located in Clark County, Ohio.  It
notes that its offices are located in Columbus, within the Eastern
Division of the Southern District of Ohio.

Boston, Chicago, and Canada, JH Life Insurance has not demonstrated that traveling from these locations to Dallas would be substantially more time consuming or expensive than traveling from these locations to Dayton. Nor has JH Life Insurance included a general statement of what these witnesses' testimony will cover, as required. Moreover, both parties contemplate that the only witnesses in the case will be the employees who negotiated the contract on behalf of the parties. This factor, however, primarily concerns the convenience of nonparty witnesses. *See Sargent v. Sun Trust Bank, N.A.,* 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.). The court thus finds that JH Life Insurance has not satisfied its burden of showing that the cost of witness attendance weighs in favor of transfer. Because JH Life Insurance has not met its burden of demonstrating why this factor supports transfer, the court concludes that it weighs against transfer. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC,* 2009 WL 2634860, at *6 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.).

Despite this conclusion, the court holds that this factor only slightly weighs against a transfer. This is a suit by USPG seeking a declaration that it can secure the Mortgage by substituting Franklin Square for Betchel Crossing. It is not clear that *any* witness testimony will be necessary to decide this question. Indeed, it is conceivable that this case can be decided on motions, on a paper record. If so, it may not be any more convenient or

less expensive to litigate the case on a paper record in Dallas than on a paper record in the Southern District of Ohio. Additionally, the witnesses in this case, such as they are, are not primarily located in one central location tending to make either Dallas or the Southern District of Ohio a more convenient travel destination. Nevertheless, because JH Life Insurance has not identified any third-party witnesses whose cost of attendance would be reduced by transferring the case, this factor weighs slightly in favor of retaining the case in this district. *See id.*

3

The fourth private interest factor examines the practical problems that make trial easy, expeditious, and inexpensive. Neither party has presented arguments or evidence that pertain to this factor. Based on the reasoning explained above——i.e., that the case can likely be litigated on a paper record, without live witnesses, in either forum——the court deems this factor to be neutral.

C

The court now considers the public interest factors.

1

First, the court evaluates the comparative administrative difficulties due to court congestion in the potential venues. JH Life Insurance argues that transferring this case to the Southern District of Ohio would alleviate court congestion in this court.

It suggests that litigation in the Southern District of Ohio would be less cumbersome because fewer cases were filed there in 2009. In determining whether one court's docket is more congested than another's, courts commonly consider the Federal Judicial caseload statistics. *See, e.g., Cypress/Spanish Fort I, L.P. v. Prof'l Servs., Indus., Inc.*, 2010 WL 3766882, at *3 (N.D. Tex. Sept. 27, 2010) (Boyle, J.).

The most recent caseload statistics reported by the Director of the Administrative Office of the United States Courts indicate that, during the 12-month period ending September 30, 2010, 3,650 civil cases and 946 criminal cases were pending in this court, and 2,766 civil cases and 799 criminal cases were pending in the Southern District of Ohio. But when considering this factor, "the real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *In re Genetech, Inc.*, 566 F.3d 1338, 1347 (5th Cir. 2009) (internal quotation marks and citations omitted). The median time for disposition of all civil cases in this court for the 12-month period ending September 30, 2010 was 6.5 months; in the Southern District of Ohio, the median time was 10.4 months. The court does not consider this difference to weigh strongly in favor of one district or the other. In fact, "case-disposition statistics may not always tell the whole story." *Id*. at 1347. The court therefore regards this factor as neutral,

and it concludes that JH Life Insurance has not shown that comparative court congestion favors a transfer.

2

The second factor evaluates the local interest in the dispute. JH Life Insurance argues that Ohio has a significant interest in deciding whether Ohio real property parcels can substitute as collateral for the Mortgage. USPG responds that the dispute concerns the interpretation of the Mortgage, not the parcels of land themselves. USPG posits that the fact that five parcels securing the Mortgage are located in Ohio does not give Ohio a strong interest in the dispute because the Mortgage contemplates that other parcels——perhaps outside of Ohio——can be substituted as collateral. USPG points out that JH Life Insurance has already accepted Crossing Meadows——located in Wisconsin——as collateral partially securing the Mortgage.

The court finds that this factor is neutral. "This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (Fitzwater, C.J.). This case has essentially no connection to the Northern District of Texas. Although USPG maintains an office in Dallas, it has another office located in Columbus, Ohio. The Mortgage was not negotiated in this district, and none of the principal actors who negotiated the contract lives or works in this district. Five of

- 12 -

the six properties currently securing the Mortgage are located in Ohio; the sixth is located in Wisconsin. The facts giving rise to this case bear no significant relationship to the Northern District of Texas. For these reasons, "it would not be fair to burden jurors within [this district] with service in this case." *Tech. Licensing Corp. v. Tektronix, Inc.*, 2003 WL 22946488, at *2 (N.D. Tex. Feb. 13, 2003) (Fitzwater, J.) (internal quotation marks and citation omitted). Although the court defers to USPG's choice of forum, *e.g., AT&T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) ("The plaintiff's choice of venue is not properly considered as an independent factor in the analysis, but it is entitled to deference"), a plaintiff's choice of forum is given less deference when it is not a resident of the forum and when the operative facts occurred in a different forum. *See In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003). USPG's choice of forum is given less deference because it is a Delaware corporation and none of the operative facts occurred in the Northern District of Texas.

Although this case is essentially unrelated to the Northern District of Texas, JH Life Insurance has not shown that it bears a stronger relation to the Southern District of Ohio. USPG's sole member maintains its principal place of business in the Southern District of Ohio, but the location of that office is unrelated to the construction of the disputed terms in the Mortgage. The

Mortgage is currently secured by six parcels of land, five of which are located within the Southern District of Ohio. The parties have already substituted a parcel of land located in Wisconsin as partial collateral securing the Mortgage, however, indicating that the Mortgage is not exclusively tied to property located in Ohio. Moreover, the parties' representatives who negotiated the disputed contract work out of Chicago, Boston, or Toronto. The parties' factual dispute concerns only whether the terms of the Mortgage permit a partial substitution of collateral. JH Life Insurance has not pointed to other facts showing that substitution of collateral under the terms of the Mortgage would have a strong effect on the community in Springfield, Ohio in terms, for example, of potential job losses, commercial property vacancies, or other form of local impact. Because the facts giving rise to this case are unrelated to the Northern District of Texas, and because JH Life Insurance has not shown that the facts are more significantly related to the Southern District of Ohio, the court regards this factor as neutral.

3

The third and fourth public interest factors relate to the potential for a transfer to create a conflict of laws or to require a court to apply the unfamiliar law of another state. Because the parties included a choice of law clause providing that Ohio law governs disputes arising out of the Mortgage, the forum selection

will not create a conflict of laws in this case.

But the Mortgage's choice of law clause would require that this court apply Ohio law in interpreting the Mortgage. JH Life Insurance argues that because the dispute concerns the interpretation of the Mortgage, this court would only be required to apply Ohio's general contract law, which is not exceedingly complicated. The judges of this district preside over complex civil cases and are capable of applying Ohio law to this dispute. But since the facts of this case are essentially unrelated to the Northern District of Texas, only one party has an office here (its other office is in Ohio), the dispute centers on the interpretation of the Mortgage, and the parties have agreed that the Mortgage will be interpreted according to Ohio law, a court that is more familiar with Ohio law should decide the case. This factor weighs in favor of transfer.

### D

The court considers the private and public factors together and does not assign dispositive weight to any one factor. *See Volkswagen I*, 371 F.3d at 203. Considering the factors holistically, the court concludes that the case should be transferred to the Southern District of Ohio.

The decision whether to transfer this case does not significantly impact the accessibility of the evidence, the convenience of the parties, or the ease of trying the case. The

convenience of the witnesses weighs slightly in favor of retaining the suit here, but the court reaches this conclusion only because JH Life Insurance has failed to identify third-party witnesses whose testimony will be required and for whom travel to Ohio would be more convenient than travel to Dallas. Considering, however, that this case requires the court to interpret rights under a contract, that the parties and facts have slight, if any, connections to this district, that there is no apparent need for witnesses to travel to this district, and that the case will probably be litigated on the papers under Ohio law, an Ohio federal judge who is familiar with and routinely applies Ohio law should decide the case.[6]

*    *    *

For the reasons explained, the court grants JH Life Insurance's December 10, 2010 motion to transfer venue. This action is transferred to the Southern District of Ohio, Western Division. The clerk of court is directed to effect the transfer

---

[6]To the extent it can be argued that this conclusion relies on, or emphasizes, fewer than all of the private and public interest factors, the court notes that "[a]lthough [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315.

according to the usual procedure.

**SO ORDERED.**

March 25, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE